UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                       Case No. 18-cr-20043

v.                                      Honorable Nancy G. Edmunds

SHANKEIA PERRY,

    Defendant.
_____/

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE [141]**

Defendant Shankeia Perry is currently in the custody of the Federal Bureau of Prisons ("BOP"). The matter is before the Court on Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. (ECF No. 50.) The government opposes Defendant's motion. (ECF No. 146.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motion.

**I.    Background**

Defendant was involved in a scheme with her co-defendants to steal the identities of others in order to make fraudulent unemployment insurance claims. She was indicted for mail fraud and aggravated identity theft and pleaded guilty pursuant to a Rule 11 plea agreement. On November 14, 2019, this Court sentenced Defendant to a cumulative term of imprisonment of 36 months. (ECF No. 123.) Following her sentence, Defendant requested several extensions of her surrender date based upon concerns regarding her daughter's medical conditions, arrangements for home schooling, and custody issues

1

pending her incarceration. (See ECF Nos. 127, 131, 133.) In response to these requests, Defendant's surrender date was extended until October 1, 2020. She is currently incarcerated at Alderson Federal Prison Camp in Alderson, West Virginia and her projected release date is August 10, 2022.

On April 12, 2021, Defendant filed the present motion for compassionate release.[1] As the basis for her motion, Defendant claims her immediate release is necessary to care for her ten-year-old daughter and ailing mother. Defendant's daughter suffers from a number of medical conditions with her most recent diagnosis being scoliosis requiring surgery. Defendant concedes that her daughter's medical issues were known at the time of sentencing but argues that her daughter's need for surgery did not arise until recently. Defendant also states that her daughter's father is struggling to balance caring for their child along with caring for his two other minor children and working full-time to maintain health insurance. Defendant claims her mother planned to help care for the child but recently has become ill herself and is no longer able to help provide care.

The government opposes Defendant's motion and argues Defendant has not shown she has exhausted her available resources as options to care for her child. Defendant has six siblings, five of whom reside in Michigan, and has not produced evidence of her mother's medical condition. Furthermore, the government argues the 18 U.S.C. § 3553(a) sentencing factors weigh against early release. Specifically, the government argues the length of Defendant's remaining sentence, the seriousness of her offense, Defendant's criminal history, the need to protect the public from further crimes of

---

[1] This is Defendant's second motion for compassionate release. Her first motion was denied without prejudice because Defendant failed to exhaust her administrative remedies. (ECF No. 140.)

Defendant, and Defendant's history of feigning medical conditions to avoid trial in this case indicate Defendant's motion should be denied.

## II.     Analysis

The "compassionate release" provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons when there are "extraordinary and compelling" reasons to do so. *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Court may consider a compassionate release motion brought by an inmate on her own behalf only after she exhausts her administrative remedies or receives no response from the warden within 30 days of filing such a request. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). Thereafter, the Court considers (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether such a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission; and (3) whether the balance of relevant sentencing factors weighs in favor of early release. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Defendant exhausted her administrative remedies prior to filing the present motion so that threshold requirement for relief has been satisfied. Moreover, there are no applicable policy statements as Defendant filed her motion on her own behalf. *See Elias*, 984 F.3d at 519. Thus, the decision to grant Defendant's motion turns on whether there are extraordinary and compelling reasons that warrant a sentence reduction and if so,

whether the balance of relevant sentencing factors weighs in favor of early release. *See id.* at 518.

Here, while the Court sympathizes with Defendant's daughter and family, the reasons presented by Defendant do not rise to the level of "extraordinary and compelling reasons" under the statute. Defendant's daughter's need for surgery may be new information, but it is not a surprising turn of events given her daughter's prior diagnosis of scoliosis. Moreover, the majority of the child's medical concerns and the strain on those who care for her was known or could have been predicted at sentencing. Indeed, it is an unfortunate consequence of criminal activity that one's family and children often have to suffer through the incarceration of their loved one. But this, by itself, is not "extraordinary." *See* Webster's Third International Dictionary, Unabridged (2020) (defining "extraordinary" as "exceptional to a very marked extent").

Moreover, the § 3553(a) factors do not favor release. Defendant has served only about 20% of a sentence imposed for a serious crime that affected many people. The Court therefore agrees with the government's analysis of the sentencing factors. For these reasons, Defendant's initial sentence remains appropriate today.

### III. Conclusion

For the foregoing reasons, Defendant's motion for compassionate release is DENIED.

SO ORDERED.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court Judge

Dated: June 17, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 17, 2021, by electronic and/or ordinary mail.

          s/ Lisa Bartlett
          Case Manager